798 F.2d 1409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Bernard LEE, a/k/a Brother, Appellant.
 No. 86-5030.
 United States Court of Appeals, Fourth Circuit.
 Argued July 18, 1986.
Decided Aug. 26, 1986.
 
 Gerald D. Glass, for appellant.
 James C. Savage, Assistant United States Attorney (Beckinridge L. Willcox, United States Attorney; Charles P. Scheeler, Assistant United States Attorney on brief), for appellee.
 D.Md.
 AFFIRMED.
 Before HALL and SPOUSE, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Bernard Lee appeals from the district court's denial of his motion to dismiss an indictment charging him with conspiracy to distribute heroin in violation of 2i U.S.C. § 846 (1982) and three counts of possession with intent to distribute heroin in violation of 21 U.S.c. § 841(a) (1) (1982). He contends that the double jeopardy clause of the fifth amendment to the federal Constitution bars his prosecution in this case because he was previously tried and acquitted on charges arising out of the same conspiracy. Because we agree with the district court that the conspiracy charged in the present indictment is separate and distinct from the conspiracy for which Lee was previously placed in jeopardy, we affirm.
 
 
 2
 A federal grand jury for the District of Maryland returned the present indictment, No. HM-85-0146 (the 1985 indictment), against Lee, Katie Williams and Wayne Davis on March 6, 1985. The conspiracy allegedly continued from 1979 up to and including July 1984 in Maryland, New York, Pennsylvania and elsewhere. Unindicted co-conspirators named in the indictment include Mehmet Akis, Adnan Akis, Vasfi Akbas, Cezmi Mutlu, John Pastorella, Bernard Presco, Linda Lewis and others known and unknown. The Government's theory is that the unindicted Turkish nationals supplied large quantities of heroin to Lee, either directly or through Williams and Davis, on twelve occasions.
 
 
 3
 Lee previously had been indicted, tried and acquitted on federal narcotics charges in the District of Maryland in 1982. That indictment, No. H-82-00225 (the 1982 indictment), charged him with conspiracy to distribute heroin in violation of 21 U.S.C. 5 846 (1982) and two counts of unlawful use of a telephone in violation of 21 U.S.C. 3 843(b) (1982). The 1982 indictment stated that the alleged conspiracy operated from the fall of 1980 up to and including February 1981 in Maryland and elsewhere. It named twelve co-conspirators along with other persons known and unknown. Lee is the only person named in both the 1982 indictment and the 1985 indictment. The Government's theory in the 1982 indictment was that Lee agreed to provide a quantity of heroin to Eugene Couser on February 8, 1981.
 
 
 4
 Lee contends that the conspiracy charged in the 1985 indictment is the same conspiracy that he was charged with in the 1982 indictment. Although Lee is the only conspirator named in both indictments, he argues that prior to the 1982 indictment Government agents suspected that Mehmet Akis and Vasfi Akbas were his sources of heroin and that Akis and Akbas supplied the heroin that he agreed to provide Couser in 1981. Thus, Lee asserts that both the 1982 indictment and the 1985 indictment charged him as a "middleman" in the same large-scale conspiracy to import and distribute heroin in the United States.
 
 
 5
 The district court, after conducting two hearings on Lee's double jeopardy motion, held that the Government had satisfied its burden of showing by a preponderance of the evidence that the conspiracies charged in the two indictments were different. In reaching its decision, the court considered the large amount of documentary materials submitted by the parties in light of the five factors used to resolve double jeopardy claims involving conspiracies: time periods, statutory offenses, locations, co-conspirators and overt acts. United States v. MacDougall, 790 F.2d 1135, 1144 (4th Cir. 1986). We agree with the district court that although the two conspiracies overlapped in time and overlapped slightly in location, there was no overlap in co conspirators, statutory offenses or overt acts and that, on balance, the two conspiracies were different. See MacDougall, 790 F.2d at 1145-48. The decision of the district court, there fore, is affirmed.
 
 
 6
 AFFIRMED.